AUGUSTA McC. NORMAN *vs.* JOSEPH D. SYLVIA.

NEWPORT—OCTOBER 18, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Trespass quare clausum fregit. Easements. Estoppel.*

In an action of trespass *quare clausum fregit* for tearing down a stone wall, where defendant pleaded, by way of justification, a removal of an obstruction to a right of way appurtenant to defendant's land, a verdict recovered by an ancestor of plaintiff against an ancestor of defendant, in an action of trespass for taking away seaweed over plaintiff's land for use on other land than that to which the way was appurtenant, is not an estoppel in the present action.

(2) *Trespass quare clausum fregit. Easements. Pleading.*

In an action of trespass *quare clausum fregit,* where defendant pleaded a right to use the way for the purpose of taking seaweed, appurtenant to the land of which he was tenant, to which plaintiff replied a trespass by the use of the way for other land than that to which the way applied, which trespass defendant confessed in his rejoinder, plaintiff is entitled to judgment.

TRESPASS QUARE CLAUSUM FREGIT. Heard on petition of defendant for new trial. Petition granted on first count of declaration.

STINESS, C. J. This is an action of trespass *quare clausum fregit,* upon two counts. The first charges the breaking and

entering the plaintiff's close and tearing down a stone wall; the second, the taking and carrying away of seaweed.

The defendant pleads a right of way to the shore, across the plaintiff's land, under an ancient deed of partition between ancestors in title of the land now represented by both parties to this action.

(1)    It sufficiently appears that an ancient way along the north line of the Swan farm, a few feet from the wall, presumably the way described in the deed, was recognized and used by both parties and their predecessors in title up to November, 1901, when the plaintiff took down a gate and built a wall across the way. The defendant tore down the wall, and that is the trespass complained of in the first count, to which the defendant pleaded a justification by reason of the removal of an obstruction to the way appurtenant to his land.

The plaintiff replied that the claim of such right was barred by a judgment in the case of *Rogers* v. *Gray*, in the Supreme Court, at the August term in Newport, 1863, in favor of the plaintiff, representing the title of the present plaintiff against the defendant, representing the title of the defendant in this case.

The defendant in the case at bar rejoined that the trespass complained of in *Rogers* v. *Gray* was for taking away seaweed over the plaintiff's land, for use on other land than that embraced in the deed of partition to which the way was appurtenant.

The pleadings in the present case have not been formally closed, and it does not appear that the judgment relied on was actually entered. Only a verdict is shown; but, assuming that judgment was entered upon it, or is presumed to have been entered, the record as presented shows that the plaintiff recovered for use of the way for the benefit of other land than the dominant estate now owned, in whole or in part, by the defendant in this suit, and hence the verdict is not an estoppel in the present action.

The ruling of the court that it was a bar to the defendant's claim in this case was erroneous, and the direction of a verdict

in favor of the plaintiff on that issue was also erroneous. *Providence* v. *Adams*, 10 R. I. 184 and 11 R. I. 190.

The finding for the plaintiff on the first count of the declaration is reveresd.

(2)    To the second count in the declaration the defendant pleaded a right to use the way, for the purpose of taking seaweed, etc., appurtenant to the land of which he is tenant; to which the plaintiff replies a trespass by the use of the land for other land than that to which the way applied. . The defendant confesses this trespass in his rejoinder, and upon the rejoinder the plaintiff is entitled to judgment.

The case is therefore remitted to the Common Pleas Division, with direction to enter judgment for the plaintiff on the issues made under the second count.

*William P. Sheffield, Jr.*, for plaintiff.

*Darius Baker*, for defendant.